# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-60544
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 14, 2016

UNITED STATES OF AMERICA,

Lyle W. Cayce
Clerk

Plaintiff–Appellee,

v.

MICHAEL ST. DAVID WILLIAMS,

Defendant–Appellant.

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:13-CR-169-1

Before REAVLEY, OWEN, and ELROD, Circuit Judges.

PER CURIAM:[*]

Michael St. David Williams was convicted by a jury of conspiracy to commit arson and of aiding and abetting the commission of arson. The district court sentenced him to concurrent 60-month terms of imprisonment and three-year terms of supervised release. Williams timely appealed.

The attorney appointed to represent Williams on appeal has filed a brief arguing that Williams's convictions should be reversed because trial counsel

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

rendered ineffective assistance.  The claims of ineffective assistance raised here were not raised in the district court, and the record thus is inadequately developed to allow us to fairly evaluate the merits of the claims on direct appeal.  *See United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014).  Accordingly, we deny this ground for appeal without prejudice to Williams's ability to bring his claims on collateral review.  *See id.*

Williams has moved for leave to file a pro se supplemental brief raising his own appellate claims.  Williams does not have a "constitutional right to hybrid representation."  *See United States v. Ogbonna*, 184 F.3d 447, 449 n.1 (5th Cir. 1999) (internal quotation marks, alteration, and citation omitted); *see also* 5TH CIR. R. 28.6 ("Unless specifically directed by court order, pro se motions, briefs or correspondence will not be filed if the party is represented by counsel."); *cf. Myers v. Johnson*, 76 F.3d 1330, 1335 (5th Cir. 1996) (per curiam) (stating that "when a criminal appellant accepts the assistance of counsel, but later objects to his attorney's appeal strategy or preparation of the brief, the criminal appellant cannot then expect to be allowed to file a supplemental pro se brief.  By accepting the assistance of counsel the criminal appellant waives his right to present pro se briefs on direct appeal.").  Accordingly, Williams's motion to file a supplemental pro se brief is denied.  *See Ogbonna*, 184 F.3d at 449 & n.1.

AFFIRMED.